Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (pro hac to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (pro hac to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty
micha@libertylaw.com
**LIBERTY LAW**
California Bar No. 215687
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie (pro hac to be filed)
Margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE 1, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP., a Nevada Corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 5:26-cv-09016<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES** |

**NOTICE OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Jane Doe 1 ("Jane") will move for an order granting this Motion for Leave to Proceed Under the Pseudonym as "Jane Doe 1" at a date and time to be set by the Court once a judge is assigned to this case.

**MOTION**

Jane brings this action against Defendants X.AI CORP. and X.AI LLC (collectively "xAI" or "Defendants") to recover damages for injuries she suffered as a result of the creation and/or dissemination of AI-generated Child Sex Abuse Material ("CSAM") using her likeness by xAI's Grok tool.

This motion is made pursuant to Federal Rule of Civil Procedure 10(a), the Court's inherent powers, and applicable Ninth Circuit authority, on the grounds that the public disclosure of Jane's identity would pose a substantial risk of harm, including re-traumatization, harassment, and significant psychological distress given the sensitive and deeply personal nature of the allegations—namely, the sexual exploitation and abuse that Jane experienced as a minor when she was forced to appear in CSAM and her further victimization through the creation and/or dissemination of AI-generated CSAM by sexual predators using Defendants' Grok tool.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Jane brings this action against Defendants X.AI CORP. and X.AI LLC. (collectively "Defendants" or "X.AI"). This case involves highly sensitive and deeply personal facts. Jane, who is currently an adult, was sexually abused and forced by her abuser to appear in Child Sex Abuse Material ("CSAM") beginning when she was preschool aged. Compl. ¶¶ 85-86. This legacy CSAM was widely disseminated and remains in circulation among child sexual predators. Id. ¶ 81. The allegations center on the harm caused to Jane when xAI's Grok tool created and/or disseminated AI-generated CSAM based on legacy materials created when Jane was a child. *Id*. ¶¶ 78-92.

Requiring Jane to proceed under her true identity not only would compromise her privacy and

safety but would risk exacerbating the emotional trauma that she has already suffered. Jane has experienced significant psychological distress as a result of the abuse and exploitation, including ongoing anxiety, fear for her safety, and trauma stemming from the dissemination of CSAM. *See* Decl. ¶ 4. Disclosure of Jane's identity in public court records would likely subject her to further embarrassment, harassment, ridicule, and emotional trauma, and would compromise her safety.

Jane asks the Court to allow her to proceed anonymously. Due to the sensitive and personal nature of her allegations, the public's interest in promoting the reporting of sexual abuse and exploitation and in protecting its victims, and the lack of prejudice to Defendants, the Court should grant Jane's request to protect her safety, privacy, and mental health throughout the course of this litigation.

## II. FACTUAL BACKGROUND

Beginning when she was preschool-aged, Jane was sexually abused and exploited by an adult male to produce CSAM that was distributed to pedophiles on the internet. *See* Compl. ¶¶ 85-86. Jane's abuse and exploitation continued for many years. *Id*. Legacy CSAM depicting Jane, which dates as far back as the early 2000s, has been in circulation online for almost two decades. *Id*. ¶ 81. Jane alleges that xAI's Grok tool created new, AI-generated CSAM of Jane modeled on CSAM images first created by her abuser when she was a child. *Id*. ¶¶ 87-89. Using Grok, sexual predators created new CSAM of Jane based on this legacy CSAM, disseminated the new material on xAI, and discussed the AI-generated CSAM depicting Jane and other victims in online forums. *Id*. ¶ 87. The AI-Generated CSAM using Jane's likeness and the likenesses of other victims of childhood sexual abuse was also used by xAI to train Grok's underlying AI model. *Id*. ¶¶ 88. Jane represents a proposed class of CSAM victims who have been similarly re-victimized through AI-generated CSAM created using xAI's Grok.

## III. ARGUMENT

### A. The Ninth Circuit Balances Several Factors to Determine Whether a Party May Proceed Under a Pseudonym.

Courts have the power "to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *Doe v. Tea Dating Advice, Inc.*, No. 25-CV-06559-TSH,

2025 WL 2243645, at *1 (N.D. Cal. Aug. 6, 2025) (quoting *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010)). While the Federal Rules of Civil Procedure generally require that all parties to a lawsuit be identified by name, see Fed. R. Civ. P. 10(a), 17(a), that rule is not absolute. The Ninth Circuit allows a party to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000). These special circumstances can include "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." Id. (citation and quotation marks omitted); see also id. at 1067-68 (recognizing that a party may use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment") (citation and quotation marks omitted). To determine whether these circumstances exist, courts employ a balancing test that considers whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011) (quoting *Advanced Textile Corp*., 214 F.3d at 1068).

**B. The Relevant Factors Justify Allowing Jane to Proceed Under a Pseudonym.**

The relevant factors overwhelmingly weigh in favor of permitting Jane to use the pseudonym "Jane Doe 1" in this lawsuit, which arises from Jane's sexual exploitation as a minor and her ongoing victimization through the creation and dissemination of AI-generated CSAM.

**1. Jane's Claims Involve Matters of a Sensitive and Highly Personal Nature.**

Courts have allowed the use of pseudonyms in cases involving the "sensitive and highly personal" area of "human sexuality." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases). In particular, courts have repeatedly held that allegations of sexual abuse and exploitation justify anonymity. *See., e.g.*, *Doe 1 v. United States*, No. 26-CV-02624-VKD, 2026 WL 1075243, at *2 (N.D. Cal. Apr. 20, 2026) (allowing victim of sexual assault to proceed under pseudonym as a class representative); *see also Fiona v. Wu*, No. 24-CV-06015-SVK, 2024 WL 4048869, at *2 (N.D. Cal. Sept. 4, 2024) (allowing victims of child pornography to proceed anonymously to protect them from

"harassment, injury, ridicule or personal embarrassment"); *Lily v. Little*, No. 23CV2283-LL-BLM, 2023 WL 9007204, at *2 (S.D. Cal. Dec. 28, 2023) (allowing adult victim of CSAM to proceed under pseudonym to "preserve her privacy in the highly personal and sensitive matter of her abuse and exploitation"). Indeed, at least one court in this District has allowed a victim of sexually explicit "deepfakes" generated by xAI's Grok to proceed under pseudonym, recognizing that such protections were warranted given the "highly sensitive, personal, and sexual nature" of the subject matter. *See* Ex. A., Order Granting Leave to Proceed Under Pseudonym, *Doe v. X.AI Corp. et al.*, Case No. 5:26-cv-00772-PCP (N.D. Cal. Jan. 29, 2026), ECF No. 9. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases).

Here, public identification would have a devastating effect on Jane. Jane's experiences are intensely personal and implicate deeply private issues of bodily autonomy, childhood trauma, and online abuse. Public disclosure of her identity would force her to re-live these events under public scrutiny and put her at risk of re-traumatization and humiliation. Moreover, her safety could be put at risk through online retaliation and renewed targeting by sexual predators. *See Little*, 2023 WL 9007204, at *2 (finding that CSAM victim faced "risk of retaliatory physical and mental harm" should her identity be revealed). This potential harm is all the greater given that this litigation, which seeks to hold a major social media platform liable for issues of sexual exploitation, "may garner significant media attention." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022). These harms go well beyond general embarrassment; they pose serious physical and emotional risks to a survivor of sexual abuse. Thus, allowing Jane to proceed anonymously would be consistent with the privacy interests that courts have long recognized in such cases.

**2. Defendants Will Not Be Prejudiced by Allowing Jane to Proceed Pseudonymously.**

Permitting Jane to proceed under a pseudonym will not prejudice Defendants. Jane is willing to confidentially disclose her identity to Defendants on an attorney's-eyes-only basis, and the Court and the parties can employ appropriate measures, including the entry of a protective order, to preserve Jane's identity without prejudicing Defendants' ability to defend this case. *See Advanced Textile Corp.*, 214

F.3d at 1069 ("In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case."); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (finding minimal prejudice to defendant in allowing plaintiff to proceed anonymously where plaintiff will "reveal her identity for purposes of investigating her claims"); *J.I. v. United States*, No. 118CV00363LJOSAB, 2018 WL 1474355, at *2 (E.D. Cal. Mar. 26, 2018) (finding no prejudice to defendant where plaintiff "has disclosed her identity to the defendants in this action and is only seeking anonymity in the public record"). Therefore, Jane's critical need for anonymity outweighs any prejudice to Defendants.

**3. The Public's Interest in Knowing Jane's Identity Does Not Outweigh Her Need for Privacy Under the Circumstances.**

While the public has a strong interest in the substance of this litigation—how a major social media platform facilitated the creation and dissemination of AI CSAM—that interest is fully preserved without disclosing Jane's identity. The public will still have access to the pleadings, legal arguments, and evidence presented in this matter. The only information that would be withheld is Jane's actual name—information that is immaterial to the public's ability to understand and evaluate the issues at stake.

Courts have long held that a party may proceed anonymously in judicial proceedings when the need for anonymity outweighs any prejudice to the opposing party and the public's interest in disclosure of the party's identity. *See, e.g.*, *Doe 1*, 2026 WL 1075243, at *2 (collecting cases and noting that "the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity"). In the case of sexual assault victims, there is a "strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes." *M.R.*, 2022 WL 5225881, at *2 (citing *Penzato*, 2011 WL 1833007 at *5). The same is true for victims of CSAM. *See Wu*, 2024 WL 4048869, at *2 (noting "strong public interest" in "allowing victims of child pornography to proceed anonymously"). This is precisely such a case, as Plaintiff was sexually

exploited and abused as a child, and has been re-victimized through the creation and dissemination of AI-generated CSAM on Defendants' social media platform. Plaintiff now seeks to hold Defendants accountable for their failure to protect already vulnerable CSAM victims from further abuse and harassment. Jane's rights to privacy, dignity, and protection from further harm far outweigh any marginal public interest in her identity. The public's usual interest in disclosure of parties is thus outweighed by the public's interest in promoting the reporting of sexual exploitation, assault, and the abuse of children. *See M.R.*, 2022 WL 5225881, at *1 (collecting cases).

## IV. CONCLUSION

Jane seeks the Court's protection through limited anonymity to preserve her privacy, mental health, and safety. Defendants will not be prejudiced if Jane is permitted to proceed anonymously, and any interest the public may have in knowing Jane's identity is vastly outweighed by Jane's privacy and safety concerns. Accordingly, Jane requests that the Court enter an order allowing her to proceed under the pseudonym "Jane Doe 1."

Dated: August 26, 2026

By: *<u>/s/ Dena C. Sharp</u>*

Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman *(pro hac to be filed)*
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (pro hac to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Micha Star Liberty
micha@libertylaw.com
**LIBERTY LAW**
California Bar No. 215687
1999 Harrison Street, Ste. 1800

Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie *(pro hac to be filed)*
Margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also certify that I caused the foregoing document to be served on defendants.

By: /s/ *Dena C. Sharp*
Dena C. Sharp