Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (*pro hac* to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (*pro hac* to be filed)
mkelleher@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

*Attorneys for Plaintiffs and the Proposed Classes in Jane Doe 1 v. x.AI Corp., et al., No. 5:26-cv-09016-PCP*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JANE DOE, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-2246-PCP<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW TO CONSOLIDATE ACTIONS**<br><br>Date: November 19, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor |
| JANE DOE I, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 3:26-cv-08567-PCP |

| | |
|---|---|
| JANE DOE, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-00772-PCP |
| JANE DOE 1, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-9016-PCP |
| JANE DOE 1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>X.AI CORP., et al.,<br><br>Defendants. | Case No. 5:26-cv-09617-PCP |

**TABLE OF CONTENTS**


**Page**

NOTICE OF MOTION & MEMORANDUM ........ 1

I. Introduction ........ 1

II. Statement of Facts ........ 2

III. Legal Standard ........ 4

IV. Argument ........ 5

- A. The Actions Present Overlapping Issues of Law and Fact. ........ 5
- B. Consolidation and Coordination Will Promote Efficiency and Avoid Duplicative Litigation. ........ 6
- C. Consolidation and Coordination Will Not Prejudice Any Party ........ 7
- D. The Court Should Enter the Proposed Order Setting the Terms of Consolidation and Coordination. ........ 7
- E. The Pending MDL Petition Is No Reason to Defer Consolidation and Coordination. ........ 10

V. Conclusion ........ 11

# TABLE OF AUTHORITIES


**Page**

**Cases**

*In re Artificial Intelligence Minor Sexual Exploitation Litig.*,
MDL No. 1:26-P-49, Dkt. 3 (J.P.M.L. Oct. 2, 2026)....2, 4, 10, 11

*Crowl v. Cupertino Elec., Inc.*,
No. 23-CV-04007-BLF, 2023 WL 8461175 (N.D. Cal. Dec. 6, 2023)....5

*En Fuego Tobacco Shop LLC v. United States Food & Drug Admin.*,
356 F. Supp. 3d 1 (D.D.C. 2019)....7

*Furia v. Abbott Lab'ys*,
No. 4:26-cv-01945-HSG, Dkt. 28 (N.D. Cal. July 27, 2026)....10

*Griffey v. Magellan Health Inc.*,
No. CV-20-01282-PHX-MTL, 2020 WL 5981904 (D. Ariz. Oct. 8, 2020)....5

*Hall v. Hall*,
584 U.S. 59 (2018)....2, 7, 9

*Hessefort v. Super Micro Computer, Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018)....5

*Ho Keung Tse v. Apple, Inc.*,
No. C 12-02653 SBA, 2013 WL 451639 (N.D. Cal. Feb. 5, 2013)....5

*Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*,
877 F.2d 777 (9th Cir. 1989)....5

*Hood ex rel. Mississippi v. Microsoft Corp.*,
428 F. Supp. 2d 537 (S.D. Miss. 2006)....10

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*,
282 F.R.D. 486 (C.D. Cal. 2012)....5

*Rivers v. Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997)....10

*In re Roundup Prods. Liab. Litig.*,
214 F. Supp. 3d 1346 (J.P.M.L. 2016)....10

*Touchscreen Gestures, LLC v. Dell, Inc.*,
No. 6:13-CV-385-MHS, 2014 WL 12714742 (E.D. Tex. Apr. 17, 2014)....7

*In re Wheat Farmers Antitrust Class Action Litig.*,
366 F. Supp. 1087 (J.P.M.L. 1973)....10

## TABLE OF AUTHORITIES
## (continued)

Page

*Wolf v. Serviceaide, Inc.*,
No. 5:25-cv-04251-PCP, Dkt. 23 (N.D. Cal. July 22, 2025) ....7

*Zhu v. UCBH Holdings, Inc.*,
682 F. Supp. 2d 1049 (N.D. Cal. 2010) ....5, 6

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
330 F. Supp. 3d 1378 (J.P.M.L. 2018) ....10

**Statutes**

18 U.S.C. § 2256(8) ....3

28 U.S.C. § 1407 ....4, 9

Masha's Law (18 U.S.C. § 2255) ....6

**Court Rules**

Fed. R. Civ. P. 1 ....10

Fed. R. Civ. P. Rule 12 ....8

Fed. R. Civ. P. 26(f) ....9

Fed. R. Civ. P. 42(a) .... *passim*

Fed. R. Civ. P. 42(b) ....9

Judicial Panel on Multidistrict Litig., Rule 2.1(d) ....10

Local Rule 3-12 ....9

**Treatises**

Manual Complex Lit. § 20.131 (4th ed.) ....10

**NOTICE OF MOTION & MEMORANDUM**

PLEASE TAKE NOTICE that on November 19, 2026, at 10:00 a.m., in Courtroom 8, 4th Floor, at the Robert F. Peckham Courthouse, located at 280 South First Street, San José, CA, 95113, the Honorable P. Casey Pitts, presiding, the following Motion will be presented:

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs in *Doe et al. v. X.AI Corp. et al.*, No 5:26-cv-00772- PCP (N.D. Cal.) (*Doe I*), *Doe 1, et al. v. X.AI Corp. et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) (*Doe II*), *Doe I et al. v. X.AI Corp., et al.*, No. 3:26-cv-08567-PCP (N.D. Cal.) (*Doe II*), *Doe 1 v. X.AI Corp., et al.*, No 5:26-cv-9016-PCP (N.D. Cal.) (*Doe IV*), and *Doe 1, et al. v. X.AI Corp. et al.*, No. 5:26-cv-09617-PCP (N.D. Cal.) (*Doe V*) will respectfully move the Court for an order under Rule 42(a) that: (1) consolidates the four putative class actions (*Does I–IV*) for all pretrial purposes under the lowest-numbered action, No. 5:26-cv-00772-PCP, with a single Consolidated Amended Complaint to serve as the operative pleading in each of them; (2) coordinates the individual action, *Doe V*, with the class actions for pretrial purposes only, so that discovery and case management proceed on a coordinated basis while the plaintiffs in that action continue to proceed on their own complaint; and (3) enters the accompanying [Proposed] Order setting out the terms of consolidation.

This Motion is based on the following Memorandum, the supporting Declaration, and all records in the above-captioned cases.[1]

## I. Introduction

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs in five related cases respectfully request that the Court enter an Order consolidating the related class cases for pretrial purposes[2] and coordinating them with one related, non-class action also pending in this District[3].

Consolidation and coordination of these actions will materially advance the efficient and orderly prosecution of this case, protect the interests of absent class members, and conserve both judicial and party

---

[1] Counsel for Plaintiffs conferred with counsel for Defendants X.AI Corp., X.AI LLC, and X.AI Holdings LLC, in addition to Defendant Stability AI in *Doe II*. Defendants indicated they could not provide a position at that time, but are likely to oppose this Motion. Decl. at ¶ 2.

[2] *Doe 1, et al. v. X.AI Corp., et al.*, No. 5:26-cv-2246-PCP (N.D. Cal.) ("*Doe II*"); *Doe I et al. v. X.AI Corp., et al.*, No. 3:26-cv-08567-PCP (N.D. Cal.) ("*Doe III*"), *Doe et al. v. X.AI Corp., et al.*, No. 5:26-cv-00772-PCP (N.D. Cal.) ("*Doe I*"); and *Doe 1, et al. v. X .AI Corp., et al.*, No 5:26-cv-9016-PCP (N.D. Cal.) ("*Doe IV*") (together, the "Related Class Actions").

[3] *Doe 1, et al. v. X.AI Corp. et al.*, No. 5:26-cv-09617-PCP (N.D. Cal.) ("*Doe V*").

resources. These actions arise from the same course of conduct by Defendants X.AI Corp., X.AI LLC, and X.AI Holdings LLC ("xAI"), and share essential commonality in both legal theories and proposed classes. Consolidation under Rule 42(a) of the Related Class Actions and coordination with the non-class *Doe V* will streamline proceedings through consolidated pleadings, non-duplicative motions practice, and efficient discovery.

The only related class cases currently filed in any district are the Related Class Actions, all of which are before this Court. The recently filed petition to create an MDL and transfer a subset of these cases to the Western District of Arkansas for pre-trial proceedings[4] does not impose a stay and does not create a procedural roadblock to formal consolidation and coordination. Consolidating and coordinating these cases now, along with the related *Doe V*, would efficiently advance the litigation regardless of the outcome of the MDL Petition. Delaying a decision on consolidation, in contrast, would at best slow and at worst grind to a halt every class action currently filed against xAI for Grok's creation and dissemination of non-consensual sexual material.

Plaintiffs therefore request that the Court consolidate the Related Class Actions for all pretrial purposes under Lead Case No. 5:26-cv-00772-PCP and direct the filing of a single Consolidated Amended Complaint that will serve as the operative pleading in each of the Class Actions, while providing, consistent with *Hall v. Hall*, 584 U.S. 59 (2018), that each action retains its separate identity. Plaintiffs further request that the Court coordinate *Doe V* with the Related Class Actions for pretrial purposes only, so that discovery and case management proceed on one coordinated track, without requiring the *Doe V* Plaintiffs to join the Consolidated Amended Complaint. The specific terms Plaintiffs propose are set out in Part D below and in the accompanying [Proposed] Order.

## II. Statement of Facts

*Doe I* was filed in this Court on January 23, 2026. (*Doe I*, Dkt. 1.) The *Doe II* Plaintiffs filed their complaint in this Court on March 16, 2026, (*Doe II*, Dkt. 1), and promptly filed an Administrative Motion to Consider Whether Cases Should Be Related. (*Doe II*, Dkt. 8.) The Court related the two cases on March 26, 2026. (*Doe II*, Dkt. 16.)

---

[4] *See In re Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 1:26-P-49, Dkt. 3 (J.P.M.L. Oct. 2, 2026) ("MDL Petition").

On May 1, 2026, the complaint in *Doe I* was amended to add the claims of South Carolina Roe, New Jersey Doe, and Ohio Doe. (*Doe I*, Dkt. 28.) Like the original Plaintiff South Carolina Doe, New Jersey Doe and Ohio Doe are adults who Grok depicted in sexualized or revealing deepfakes and are part of the proposed Nationwide Class, which includes:

> All persons in the United States who, within the statute of limitations (the "Class Period"), had real images of themselves altered and disseminated by xAI/Grok to produce sexualized or revealing images or videos with their faces and/or other distinguishing features reasonably identifiable without their consent.

(*Id.* ¶ 156).

South Carolina Roe was depicted as a minor in the image Grok created of her. (*Id.* ¶ 102-11.) The *Doe I* Amended Complaint therefore includes a proposed subclass for individuals who Grok depicted as minors. (*Id.* ¶ 156.) This subclass includes:

> All persons in the United States who had real images of themselves as minors altered and disseminated by xAI/Grok to produce sexualized or revealing images or videos with their faces and/or other distinguishing features reasonably identifiable.

(*Id.*)

The subclass is nearly identical to the proposed classes in the *Doe II*, *Doe III*, and *Doe IV* Actions, which pursue relief for the following classes:

> All persons in the United States who had real images of themselves as minors altered by xAI/Grok to produce images or videos of sexually explicit conduct or content with their faces and/or other distinguishing features reasonably identifiable.

(*Doe II*, Dkt. 26 ¶ 194.)

> All persons in the United States who had real images of themselves as minors altered by xAI/Grok to produce images or videos of sexually explicit conduct or content with their faces and/or other distinguishing features reasonable identifiable.

(*Doe III*, Dkt. 1 ¶ 134.)

> All persons in the United States whose images or videos, when they were minors, were altered by Grok to produce child pornography within the meaning of 18 U.S.C. § 2256(8).

(*Doe IV*, Dkt. 1 ¶ 94.)

On June 15, 2026, Defendants filed a Motion to Transfer *Doe I* to the Northern District of Texas.

(*Doe I*, Dkt. 41.) On September 28, 2026, the Court denied Defendants' Motion. (*Id.*, Dkt. 80.)

The *Doe II* Plaintiffs filed an amended complaint on July 7, 2026, to add two additional named plaintiffs and Defendant Stability AI. (*Doe II*, Dkt. 26.)

In August 2026, two more proposed class actions were filed. The *Doe III* Plaintiffs filed a proposed nationwide class action against xAI on behalf of six minors on August 18, 2026. (*Doe III*, Dkt. 1.) On August 26, 2026, the *Doe IV* Plaintiffs filed a proposed nationwide class action on behalf of an adult victim who was depicted by Grok as a minor. (*Doe IV*, Dkt. 1.) On September 4, 2026, the *Doe V* Plaintiffs filed an individual, non-class action on behalf of three individuals who were depicted by Grok as minors. (*Doe V*, Dkt. 1.) The Court related the *Doe III*, *Doe IV*, and *Doe V* Actions to the *Doe I* and *Doe II* Actions on September 22, 2026. (*Doe I*, Dkt. 79.) The Related Class Actions and *Doe V* are now at similar procedural junctures: xAI has yet to respond to any of the operative complaints and no case schedules have been entered.

On October 2, 2026, the plaintiff in one of several individual actions pending in the Western District of Arkansas moved the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 to centralize what the movant styles *In re Artificial Intelligence Minor Sexual Exploitation Litigation* in the Western District of Arkansas before Chief Judge Timothy L. Brooks. *In re Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 1:26-P-49, Dkt. 3 (J.P.M.L. Oct. 2, 2026) (the "MDL Petition"). The Schedule of Actions attached to the MDL Petition lists the *Doe II*, *Doe III*, *Doe IV*, and *Doe V* Actions; eight individual, non-class actions pending in the Western District of Arkansas, each brought on behalf of one or more minors; and one further individual action pending in this District, *Doe 1 v. X Corp.*, No. 3:26-cv-10913-RFL (N.D. Cal.).[5] (*Id.*, Dkt. 3-2.) *Doe I* is not listed. The Panel has not yet set the MDL Petition for hearing, but Plaintiffs anticipate that it may be heard at the December 3, 2026 JPML hearing.

## III. <u>Legal Standard</u>

Rule 42(a) permits a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In addition to formal consolidation of related actions, a court may also "join for hearing . . . any or all matters at issue in the actions" and issue orders applicable across actions. *Id.* (a)(1),

[5] This pending action is against X Corporation, not xAI, for failing to remove traditional CSAM from its platform rather than allegations related to Grok creating AI-generated CSAM. (Dkt. 1-1 at ¶¶ 17–20.)

(3). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" *Ho Keung Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)). "While a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored." *Id.* (*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012)).

## IV. Argument

The *Doe I*, *Doe II*, *Doe III*, *Doe IV*, and *Doe V* Actions involve common questions of law and fact, and assert substantially similar claims against the same xAI Defendants for a single course of conduct involving the creation and dissemination of images depicting Plaintiffs through generative artificial intelligence. Consolidation and coordination will promote efficiency and avoid duplicative efforts across all five cases.

### A. The Actions Present Overlapping Issues of Law and Fact.

Consolidation and coordination is appropriate because the *Doe I*, *Doe II*, *Doe III*, *Doe IV*, and *Doe V* Actions arise from the same alleged course of conduct by the same xAI defendants and present essentially common factual and legal questions. *See* Fed. R. Civ. P. 42(a); *see also Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (consolidating related cases that "address nearly identical factual issues and legal claims"). Courts routinely consolidate actions where, as here, the cases share the "same subject matter and alleged wrongful conduct," even if one action includes additional legal theories or alternative subclasses. *See Crowl v. Cupertino Elec., Inc.*, No. 23-CV-04007-BLF, 2023 WL 8461175, at *1 (N.D. Cal. Dec. 6, 2023) (consolidating two related cases where one of the cases contained additional claims, noting that the claims and classes asserted were "substantially similar"); *Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (similar). The fact that the plaintiffs in each action assert slightly different claims does not render consolidation or coordination inappropriate.

All five Complaints challenge xAI's conduct involving the creation and dissemination of images

through Grok, Defendants' generative artificial intelligence platform. Each case concerns the development and implementation of Grok. (*Doe I*, Dkt. 28 ¶¶ 30-42; *Doe II*, Dkt. 26 ¶¶ 55-62; *Doe III*, Dkt. 1 ¶¶ 51-58; *Doe IV*, Dkt. 1 ¶¶ 34-41; *Doe V*, Dkt. 1 ¶¶ 49-89.) The Complaints include allegations that Grok was developed and designed to create images and videos featuring individuals in sexual and revealing ways. (*Doe I*, Dkt. 28 ¶¶ 43-68; *Doe II*, Dkt. 26 ¶¶ 63-77; *Doe III*, Dkt. 1 ¶¶ 59-68; *Doe IV*, Dkt. 1 ¶¶ 42-46; *Doe V*, Dkt. 1 ¶¶ 49-89.) The Complaints include allegations that this design choice was paired with no meaningful guardrails to prevent the harm suffered by Plaintiffs and the classes they seek to represent. (*Doe I*, Dkt. 28 ¶¶ 40-41, 45-47; *Doe II*, Dkt. 26 ¶¶ 32-54, 63-77; *Doe III*, Dkt. 1 ¶¶ 28-50, 59-72; *Doe IV*, Dkt. 1 ¶¶ 47-49; *Doe V*, Dkt. 1 ¶¶ 49-89.) Plaintiffs in each case allege severe emotional distress and ongoing harm because Grok created and disseminated images of them. (*Doe I*, Dkt. 28 ¶¶ 109, 117-18, 123-24, 137-40, 149-52; *Doe II*, Dkt. 26 ¶¶ 144, 150, 157, 179-80, 188; *Doe III*, Dkt. 1 ¶¶ 116, 122, 127, 131; *Doe IV*, Dkt. 1 ¶¶ 9, 91-92; *Doe V*, Dkt. 1 ¶¶ 123, 134, 138.) In four of the five cases, Plaintiffs invoke tort claims including design defect, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Doe I*, Dkt. 28 ¶¶ 165-274; *Doe II*, Dkt. 26 ¶¶ 294-357; *Doe III*, Dkt. 1 ¶¶ 211-253; *Doe V*, Dkt. 1 ¶¶ 217-269.) Four of the five cases include claims under Masha's Law (18 U.S.C. § 2255) and related anti-child pornography statutes. (*Doe II*, Dkt. 26 ¶¶ 203-252; *Doe III*, Dkt. 1 ¶¶ 143-192; *Doe IV*, Dkt. ¶¶ 103-123; *Doe V*, Dkt. 1 ¶¶ 142-186.)

Complete overlap between the cases is not required for consolidation or coordination. A single "common question of law or fact" is sufficient. Fed. R. Civ. P. 42(a). At bottom, the actions present the same common questions: whether xAI harmed Plaintiffs in all actions through the same conduct alleged, and, for the four class actions, whether class-wide relief is warranted.

### B. Consolidation and Coordination Will Promote Efficiency and Avoid Duplicative Litigation.

Because the actions are already related and assigned to the same judge, consolidation and coordination will further the interests of efficiency and "judicial convenience." *Zhu*, 682 F. Supp. 2d at 1052. Consolidation and coordination will permit coordinated discovery and allow the Court to address threshold issues, including any pleading challenges, on a single, coherent record without unnecessary duplication.

### C. Consolidation and Coordination Will Not Prejudice Any Party.

Consolidation and coordination will not prejudice any party. The actions are at an early procedural stage, and no party will lose any substantive rights by proceeding in a consolidated or coordinated action. *Hall v. Hall*, 584 U.S. 59, 76 (2018) (noting that "actions do not lose their separate identity because of consolidation") (citation omitted). Because all actions will retain their separate identities, the potential stay or transfer of one action has little to no effect on the venue or progress of the other Actions. *Id.*; *see also Touchscreen Gestures, LLC v. Dell, Inc.*, No. 6:13-CV-385-MHS, 2014 WL 12714742, at *8 (E.D. Tex. Apr. 17, 2014) (granting motion to transfer case without transferring other consolidated cases); *En Fuego Tobacco Shop LLC v. United States Food & Drug Admin.*, 356 F. Supp. 3d 1, 12 (D.D.C. 2019) (declining request for stay in case while separate but consolidated case was on appeal).

That principle has particular force here. The Court has already denied Defendants' motion to transfer *Doe I* to the Northern District of Texas (*Doe I*, Dkt. 80), and consolidating and coordinating the actions under that lowest-numbered case neither expands nor reopens that ruling. Because each constituent action retains its separate identity, any later motion directed to venue in a particular action and any appellate review of the Court's venue ruling would affect only the action at issue; the remaining actions would continue in this Court on the same operative pleading. The proposed Order says so expressly.

Consolidation and coordination does not resolve, and does not prejudice, any issues relating to class certification, the merits of plaintiffs' claims, or the ultimate scope of any class. It simply provides the most logical and efficient structure for litigating challenges to a single, uniform course of conduct on behalf of classes including the same individuals. Accordingly, consolidation and coordination are warranted and will promote the just, speedy, and efficient resolution of this litigation.

### D. The Court Should Enter the Proposed Order Setting the Terms of Consolidation and Coordination.

Rule 42(a) gives the Court broad discretion over the form that consolidation takes. To avoid later disputes about what consolidation means for each action, Plaintiffs ask the Court to specify the terms now, as this Court has done in other consolidated class actions. *See, e.g., Wolf v. Serviceaide, Inc.*, No. 5:25-cv-04251-PCP, Dkt. 23 (N.D. Cal. July 22, 2025) (consolidating ten related class actions under the lowest-numbered case and directing a consolidated complaint within 30 days, while reserving the appointment of

interim counsel for the case management conference). Plaintiffs propose the following terms, which are set out in the accompanying [Proposed] Order.

*Lead case and caption*. The Related Class Actions should be consolidated, and then coordinated with the *Doe V* Action, all under the lowest-numbered action, *Doe v. X.AI Corp.*, No. 5:26-cv-00772-PCP, which is also the action in which the Court has already adjudicated venue. (*Doe I*, Dkt. 80.) All further filings should be made in the lead case under a master caption, *In re Grok Sexualized Content Litigation*, Lead Case No. 5:26-cv-00772-PCP, and the Clerk should be directed to file a copy of the consolidation order in each constituent action.

*Master schedule*. Counsel have already met and conferred regarding a master schedule for proceeding in a consolidated and coordinated matter. *Doe II*, Dkt. 72. *Doe II* Plaintiffs have proposed this schedule in their case management statement for that action. *Id.* Plaintiffs propose adopting that schedule for the consolidated and coordinated proceedings.

*A single operative pleading in the Related Class Actions*. Plaintiffs in the Related Class Actions should be directed to file a Consolidated Amended Complaint in accordance with the schedule proposed in *Doe II* (*Doe II*, Dkt. 72), to be filed by interim class counsel if the Court appoints interim counsel, and otherwise by counsel for the Related Class Action plaintiffs jointly. The Consolidated Amended Complaint should be deemed filed in, and should be the operative complaint in, each of the Related Class Actions, superseding the complaints previously filed in them. Defendants should be directed to respond to the Consolidated Amended Complaint and *Doe V* Complaint within 30 days of their filings in a single, omnibus response, and their deadlines to respond to the existing complaints in the Related Class Actions should be vacated in the interim. This structure gives Defendants and the Court a single pleading and a single round of Rule 12 motion practice.

*Coordination of the Doe V Action*. The *Doe V* Action should be coordinated with the Related Class Actions for pretrial purposes. The *Doe V* Plaintiffs would continue to proceed on their own complaint, which Defendants would answer or move omnibus against on the same schedule as the Consolidated Amended Complaint, and they would not be required to join the Consolidated Amended Complaint or any proposed class. Discovery would proceed on a single coordinated track: one case schedule, one protective order, and one ESI protocol would govern all of the actions; written discovery served and documents

produced in any action would be deemed served and produced in all of them; depositions would be cross-noticed, with each witness deposed once absent leave of Court; and counsel for the *Doe V* Plaintiffs would participate in the Rule 26(f) process, in meet-and-confer efforts, and in depositions. The *Doe V* Plaintiffs would retain the right to pursue their individual claims to judgment, including a separate trial under Rule 42(b).

*Separate identity preserved*. Consistent with *Hall v. Hall*, 584 U.S. at 76, the Order should state expressly that consolidation and coordination is for pretrial purposes, does not merge the constituent actions, and that each action retains its separate identity and docket number. The Order should further provide that: (a) the filing of the Consolidated Amended Complaint does not alter any party's status in, or affect any ruling previously entered in, any constituent action, including the Court's September 28, 2026 Order denying transfer (*Doe I*, Dkt. 80); (b) any motion to transfer, stay, or dismiss on venue grounds directed to a constituent action will be decided as to that action alone; (c) if any constituent action is transferred, stayed, or otherwise separately resolved, the Consolidated Amended Complaint will remain the operative pleading in the remaining Related Class Actions; (d) a plaintiff's inclusion in the Consolidated Amended Complaint will not be construed as consent to venue in, or a waiver of any objection to transfer to, any other forum; and (e) the Court may consolidate the Related Class Actions for trial on a later motion under Rule 42(a).

*Later-filed actions*. Any proposed class action arising from the same conduct that is subsequently filed in, removed to, or transferred to this District (including by the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407) should be consolidated with the Related Class Actions upon relation under Civil Local Rule 3-12, with the Consolidated Amended Complaint deemed the operative complaint in that action unless the Court orders otherwise. Any later-filed or transferred individual action should be coordinated on the same terms as *Doe V*.

*Leadership*. Nothing in the proposed Order resolves the pending motions concerning interim class counsel (*Doe II*, Dkts. 41, 53, 54, 60), which remain for separate determination. Consolidation and coordination is warranted now regardless of how the Court ultimately structures leadership, and the proposed Order ties the deadline for the Consolidated Amended Complaint to that ruling so that the two issues proceed in the proper order.

**E. The Pending MDL Petition Is No Reason to Defer Consolidation and Coordination.**

The MDL Petition does not counsel for delay here. The Panel's own rules provide that the pendency of a transfer motion "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Judicial Panel on Multidistrict Litig., Rule 2.1(d). Courts in this Circuit accordingly recognize that "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a [party's] motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *accord* Manual Complex Lit. § 20.131 (4th ed.); *Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) (declining to stay proceedings pending the Panel's ruling); *see also Furia v. Abbott Lab'ys*, No. 4:26-cv-01945-HSG, Dkt. 28 (N.D. Cal. July 27, 2026) (denying motions to stay pending an MDL determination and permitting motion to dismiss briefing to proceed). Nothing about the MDL Petition changes the Rule 42(a) analysis: the Actions pending before this Court share common questions of fact today and consolidating and coordinating them now produces exactly the efficiencies the Rules direct this Court to pursue. See Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Consolidation and coordination now also serve, rather than undermine, the Panel's process. In selecting a transferee forum, the Panel considers which actions are the earliest filed and most procedurally advanced and whether the court in which they are pending has already engaged with the issues. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) (centralizing in this District, where "[t]wo of the earliest-filed and most procedurally advanced actions" were pending, before "a skilled jurist who ha[d] not yet had the opportunity to preside over an MDL"); *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1380 (J.P.M.L. 2018) (selecting the district in which "the earliest filed and most advanced actions in this litigation" were pending); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) (considering the stage of pretrial proceedings) (*cited in* MDL Petition Mem., Dkt. No. 1-1, at 16). The Panel's attention to the procedural posture of pending actions confirms that it does not expect district courts to freeze every case named in a transfer motion. Here,

in the first-filed action, this Court has already resolved contested motions to stay and to transfer, and all proposed class actions and the *Doe V* Action are pending here as well. Organizing those actions into a single coordinated proceeding, with an operative consolidated pleading in the Related Class Actions and a coordinated discovery structure across all related actions, will advance this litigation regardless of what the Panel ultimately decides.

Nor would consolidation and coordination complicate the Panel's work. Apart from *Doe II*, *Doe III*, and *Doe IV*, every action listed in the MDL Petition Schedule of Actions is an individual, non-class action. Because Plaintiffs propose to consolidate the Related Class Actions for pretrial purposes only, and to coordinate with rather than merge individual actions, the structure proposed here can readily absorb those actions should the Panel centralize this litigation in this District: the Related Class Actions would continue on the Consolidated Amended Complaint, and any transferred individual actions would be coordinated on the same terms as *Doe V*. See Part D, supra. And because each action retains its separate identity under the proposed Order, any order the Panel enters can be applied to each action on its own terms without unwinding the work this Court has done.

## V. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) consolidate *Doe I*, *Doe II*, *Doe III*, and *Doe IV* for all pretrial purposes under Lead Case No. 5:26-cv-00772-PCP, with a single Consolidated Amended Complaint to serve as the operative pleading in each; (2) coordinate *Doe V* with those actions for pretrial purposes only, on the coordination terms described above; and (3) enter the accompanying [Proposed] Order.

Dated: October 8, 2026

By: /s/ *Dena C. Sharp*

Dena C. Sharp (SBN 245869)
dsharp@girardsharp.com
Adam E. Polk (SBN 273000)
apolk@girardsharp.com
Sarah R. London (SBN 267083)
slondon@girardsharp.com
Andrew R. Kaufman (*pro hac* to be filed)
akaufman@girardsharp.com
Muriel Kenfield-Kelleher (*pro hac* to be filed)
mkelleher@girardsharp.com
GIRARD SHARP LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

Micha Star Liberty (SBN 215687)
micha@libertylaw.com
LIBERTY LAW
1999 Harrison Street, Ste. 1800
Oakland, CA 94612
Phone: 510–645–1000

Margaret E. Mabie (pro hac to be filed)
Margaretmabie@marsh.law
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, New York 10001
Telephone: (315) 296- 9046

*Attorneys for Plaintiffs and the Proposed Classes in Jane Doe 1 v. x.AI Corp., et al., No. 5:26-cv-09016-PCP*

Annika K. Martin (pro hac vice)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
akmartin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

Elizabeth J. Cabraser (SBN 83151)
Michelle A. Lamy (SBN 308174)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
ecabraser@lchb.com
mlamy@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Mark P. Chalos (pro hac vice)
Betsy A. Sugar (pro hac vice)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
mchalos@lchb.com
bsugar@lchb.com
222 2nd Ave. S., Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
Facsimile: 615.313.9965

Vanessa Baehr-Jones (SBN 281715)
BAEHR-JONES LAW PC
vanessa@advocatesforsurvivors.com
4200 Park Boulevard, No. 413
Oakland, CA 94602
Telephone: 510.500.9634

*Counsel for Plaintiffs in Jane Doe 1, et al. v. X.AI Corp et al., Case No. 5:26-cv-02246-PCP (N.D. Cal.)*

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Taylor Applegate (SBN 357742)
taylora@salahilaw.com
Nicole Cabañez (SBN 365099)
nicolec@salahilaw.com
SALAHI PC
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Telephone: 415.236.2305

W. Daniel "Dee" Miles, III (pro hac vice forthcoming) Alison D. Hawthorne (pro hac vice forthcoming)
Paul W. Evans (pro hac vice)
BEASLEY, ALLEN, CROW,
METHVIN,PORTIS & MILES, P.C.
Dee.Miles@BeasleyAllen.com
Alison.Hawthorne@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com
218 Commerce Street
Montgomery, AL 36104
Telephone: 334.269.2343
Facsimile: 334.954.7555

Paul Byrd (pro hac vice)
PAUL BYRD LAW FIRM, PLLC
Paul@paulbyrdlawfirm.com
415 N. McKinley St., Suite
210 Little Rock, AR 72205
Telephone: 501.420.3050
Facsimile: 501.420.3128

Aaron Cash (pro hac vice)
HERRERA LAW GROUP
Cash@herreralawnwa.com
1821 S. 8th Street Rogers, AR 72756
Telephone: 479.770.5292
Facsimile: 479.770.6042

*Counsel for Plaintiffs in Jane Doe 1, et al. v. X.AI Corp et al., Case No. 3:26-cv-08567-PCP (N.D. Cal.)*

Joel Goldberg
GOLDBERG, GOLDBERG,
& MALONEY
jgoldberg@goldbergmaloney.com
213 W Miner St
West Chester, PA 19382
Telephone: 610-436-6220

Charles P. Maloney IV
GOLDBERG, GOLDBERG,
& MALONEY
cmaloney@goldbergmaloney.com
213 W Miner St
West Chester, PA 19382
Telephone: 610-436-6220

Basil Joy
GOLDBERG, GOLDBERG,
& MALONEY
bjoy@goldbergmaloney.com
213 W Miner St
West Chester, PA 19382
Telephone: 610-436-6220

Zachary Yurick
GOLDBERG, GOLDBERG,
& MALONEY
zyurick@goldbergmaloney.com
213 W Miner St
West Chester, PA 19382
Telephone: 610-436-6220

Ross Campbell
COAST LAW GROUP LLP
Ross@CoastLawGroup.com
140 S Coast Hwy 101,
Encinitas, CA 92024
Telephone: 760-670-4554

*Counsel for Plaintiffs in Doe 1, et al. v. X.AI Corp. et al., No. 5:26-cv-09617-PCP (N.D. Cal.)*